## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANATOLY PISMAN, M.D., Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>HOWARD A. ZUCKER M.D., J.D., as Commissioner of the New York State Department of Health<br><br>    Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

388097.1

Plaintiff Anatoly Pisman, M.D., by his attorneys, makes the allegations contained herein on personal knowledge as to his own actions, and on information and belief as to all other matters, and complains as follows:

## NATURE OF THIS ACTION

1. This is a class action for declaratory and injunctive relief against the Commissioner of the New York State Department of Health, acting in his official capacity. It seeks to enjoin the New York Department of Health ("NYSDOH") from collecting and keeping unverifiable purported overpayments from Medicaid providers where the NYSDOH either lacks records from which the existence of a liability may be determined, or has not provided such records to the class. NYSDOH is currently attempting to collect such unverifiable overpayments as a part of its initiative to reduce or eliminate Medicaid liabilities by March 31, 2018. According to NYSDOH, it is doing so because its budget may otherwise be affected by the Medicaid Global Spending Cap. This collection effort is referred to herein as the "Accelerated Collection Campaign."

2. Plaintiff brings this class action on behalf of himself and all New York Medicaid providers who have received a notice that they have been placed in the Accelerated Collection Campaign. The Accelerated Collection Campaign purports to require them to pay an outstanding balance for purported Medicaid liabilities even where the NYSDOH lacks records from which the existence of a liability may be determined or has not provided such records to the class. The Accelerated Collection Campaign ignores the required procedural framework for the collection of purported Medicaid liabilities, and seeks to collect unverifiable monies purportedly owed, due to pressure on the NYSDOH from the Medicaid Global Spending Cap.

3. As discussed below, after receiving NYSDOH's Accelerated Collection Campaign notice, Plaintiff and his representatives have diligently followed up through oral and written communications to determine the nature of the liability asserted against Plaintiff. NYSDOH and its

agents provided some fragmentary data, which took many hours to follow up on, but ultimately led to a dead end. NYSDOH and its contractors confirmed that they lack the necessary documents to show why the purported liabilities were established or that they are legitimate, and that NYSDOH had not previously notified Plaintiff of the purported liabilities.

## JURISDICTION AND VENUE

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 because the claims asserted herein arise under the Constitution and the laws of the United States.

5. Venue is appropriate in this jurisdiction pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to these claims occurred in this District.

## PARTIES

6. Plaintiff Anatoly Pisman, M.D., is a physician and Medicaid provider who currently maintains his practice in the County of Kings, New York.

7. Defendant Howard A. Zucker, M.D., J.D., is the Commissioner of the New York State Department of Health and by virtue of the New York Social Services Law has responsibility for the NYSDOH's compliance with law. The NYSDOH is charged with administering the Medicaid program in New York and designed and is implementing the Accelerated Collection Campaign described herein.

## CLASS ACTION ALLEGATIONS

8. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(1) and (b)(2) on behalf of a class consisting of all those who are the subject of NYSDOH's Accelerated Collection Campaign and for whom NYSDOH either lacks records from which the existence of an overpayment can be proven or has not provided such records to the class.

9. The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time

because the NYSDOH has failed to timely produce records in response to a New York Freedom of Information Law request seeking that information, Plaintiff believes that there are hundreds or thousands of members in the proposed class, all of whom can be identified by records maintained by NYSDOH, and all of whom may be notified of the pendency of this action through the same mailing list that NYSDOH used to provide notice of its Accelerated Collection Campaign.

10. Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendant's wrongful conduct in violation of Plaintiff's constitutional rights.

11. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class action litigation.

## THE MEDICAID PROGRAM

12. Medicaid is a joint federal and state program created under Title XIX of the Social Security Act to provide health care to indigent and otherwise disadvantaged Americans. Federal and state government agencies share responsibility for funding the Medicaid program.

13. States participating in the Medicaid program must comply with all requirements imposed by the Medicaid Act and implement all regulations promulgated by the federal agency. 42 U.S.C. § 1396.

14. Participating states can opt to administer the Medicaid program themselves or supervise the administration of the Medicaid program through local political subdivisions within each state. 42 U.S.C. § 1396(a)(5).

15. If a participating state decides to supervise the administration of the Medicaid program through local political subdivisions, it must designate a single state agency with the authority to ensure statewide conformity with state rules, regulations and policies. 42 U.S.C. § 1396(a)(1) and (5).

16. The NYSDOH is the designated state agency authorized to establish Medicaid eligibility standards, promulgate applicable regulations, maintain a system of administrative fair hearings and issue final decisions in administrative appeals. N.Y. Soc. Serv. Law § 363-a and § 364(2).

17. The New York Medicaid State Plan is the NYSDOH's comprehensive written statement submitted to the United States Department of Health and Human Services' Centers for Medicare & Medicaid Services that describes the nature and scope of the State Medicaid program and gives assurances that the Department will administer the State Plan in conformity with the specific requirements of the Social Security Act. N.Y. Soc. Serv. Law § 363-a.

**PROVIDER PARTICIPATION AND PAYMENT IN THE NEW YORK MEDICAID PROGRAM**

18. Pursuant to 18 N.Y. Comp. Codes R. & Regs. tit. 18, § 504 *et. seq.*, a provider is any person who has enrolled under the medical assistance program to furnish medical care, services, or supplies; or to arrange for the furnishing of such care, services, or supplies; or to submit claims for such care, services, or supplies for or on behalf of another person. N.Y. Comp. Codes R. & Regs. tit. 18, § 504.1.

19. Providers are to submit claims for services furnished or otherwise authorized under the Social Services Law when furnished and which were provided to eligible persons. N.Y. Comp. Codes R. & Regs. tit. 18, § 504.3.

20. Pursuant to N.Y. Comp. Codes R. & Regs. tit. 18, § 518.5(a), if the NYSDOH makes a determination that an overpayment on a remittance has been made, any person from whom recovery is sought is entitled to a notice of the overpayment and an opportunity to be heard in accordance with the procedures established under Part 519 of Title 18.

21. The procedures under Part 515 or 517 of Title 18 govern the process for determining the nature and amount of the overpayment and making any administrative appeals. N.Y. Comp. Codes R. & Regs. tit. 18, §§ 515; 517.

22. Pursuant to N.Y. Comp. Codes R. & Regs. tit. 18, § 518.6(a) the NYSDOH may also recover overpayments by withholding all or part of a provider's and an affiliate's payments otherwise payable, at the option of the department.

23. Under N.Y. Comp. Codes R. & Regs. tit. 18, § 518.6(b), any money due to the provider from the NYSDOH may be used as an offset against any overpayments.

**NEW YORK'S ACCELERATED COLLECTION CAMPAIGN AND THE MEDICAID GLOBAL SPENDING CAP**

24. New York sets a "Medicaid Global Spending Cap" to cap the state's total Medicaid Expenditures. The Global Spending Cap is $18.6 billion in FY 2017 and $19.5 billion in FY 2018.

25. According to the NYSDOH website, in order to implement the cap, the NYSDOH and the Division of Budget (DOB) will monitor and report spending on a monthly basis to determine if spending growth is expected to exceed the Global Spending Cap.

26. According to the NYSDOH website, if spending is projected to exceed the Global Spending Cap and industry-led activities are not successful, the NYSDOH and DOB will develop and implement a "plan of actions," known as "Medicaid Savings Allocation Plans" to bring spending in line with the cap.

27. Upon information and belief, the NYSDOH's Accelerated Collection Campaign is a part of the Medicaid Savings Allocation Plans.

## THE ACCELERATED COLLECTION CAMPAIGN LACKS DUE PROCESS

28. Pursuant to the NYSDOH's Accelerated Collection Campaign, the NYSDOH has sent letters to Medicaid providers that purport to demand payment by a date certain of outstanding Medicaid Liabilities (the "Notice").

29. This Notice informs providers of an overpayment balance that cannot be resolved by March 31, 2018 through recoupment against the provider's current Medicaid claims.

30. The Notice further informs Medicaid providers that the outstanding balance should be resolved by one of three methods by March 31, 2018:

(a) Submitting a payment directly to the NYSDOH. To request a pay-off statement and remittance instructions providers are to submit an email with the subject line "Pay-Off Request for: (facility name and provider ID number [MMIS]) to bimamall@health.ny.gov; or

(b) Submitting a repayment proposal via email to bimamall@health.ny.gov, detailing how the provider intends to pay the liability in full by March 31, 2018; or

(c) Advising the NYSDOH via email to bimamall@health.ny.gov if there is another provider MMIS number the provider is actively using to bill Medicaid to which the NYSDOH may be able to transfer the outstanding liabilities.

31. The Notice further informs Medicaid providers that if no response is received within fifteen (15) business days from the date of the letter and other payment arrangements acceptable to the NYSDOH have not been made, the NYSDOH will take additional action to ensure that the provider's debt is retired in a timely manner by enlisting assistance from the New York State Office of the Attorney General, in addition to other state agencies. The Notice neither provides any details concerning the purported liability nor gives providers the opportunity to be heard.

## FACTS CONCERNING THE NAMED PLAINTIFF

32. Plaintiff Anatoly Pisman, M.D. (Dr. Pisman) is a physician enrolled as a provider in the NYSDOH's Medicaid system.

33. On August 4, 2017, Dr. Pisman received a Notice from the NYSDOH stating that he had an outstanding balance that could not be resolved through recoupment against current Medicaid claims. At no point prior to August 4, 2017 had Dr. Pisman received any notice from the NYSDOH regarding an overpayment determination with respect to any of his submitted claims and remittances. The August 4, 2017 Notice does not provide any details concerning the purported liability or an opportunity to be heard.

34. On August 8, 2017, Dr. Pisman emailed the bimamall@health.ny.gov address to inquire further about the outstanding balances and request all supporting documents in relation thereto.

35. On August 9, 2017, an agent from the NYSDOH responded to Dr. Pisman and informed him that the NYSDOH did not have access to a provider's Medicaid claims and could not provide him with any claim detail. The NYSDOH provided a "screen shot" of an accounts receivable screen showing purported overpayment liabilities going back to 2010 under Dr. Pisman's Medicaid provider ID. The NYSDOH referred Dr. Pisman to a contractor, CSC Providers Services, ("CSC") to request a copy of the remittance advices for all Medicaid claims submitted and paid previously by New York State. Specifically, the agent referred Dr. Pisman to "remits for cycles 1708, 1709, 1710, 1754 and 1789." The NYSDOH stated that the negative balances for four of these cycles meant that "either the provider or bureau manually voided or reprocessed the claims in eMedNY or ePaces due to a billing or rate issue. And 1 that is a payment reduction."

36. From on or about August through September 2017, Dr. Pisman or his representatives continued to correspond with NYSDOH concerning the alleged outstanding balance, and sent the CSC multiple requests for copies of the remittances advices.

37. On September 18 and 25, 2017, CSC sent Dr. Pisman rejection notices stating that CSC could not access the remits requested because they are five (5) years or older.

38. Accordingly, the NYSDOH and its agent, CSC, have no record of the remittances that form the basis of the purported overpayments.

39. On September 5, 2017, NYSDOH provided copies of two pages of a remittance advice dated February 26, 2014 that, according to NYSDOH, listed the liabilities as they existed at that time. NYSDOH represented that it had attempted to find out from its Program Development office the reason the purported liabilities were established in 2010, but was unable to obtain that information. The remittance advice was on its face addressed to Dr. Pisman, but Dr. Pisman never received them, and NYSDOH could not confirm that it was in fact sent to him or anyone else. Instead, NYSDOH referred Dr. Pisman to a second contractor called CSRA, which, according to NYSDOH, might have information concerning the remittances. Dr. Pisman, through his representatives, contacted CSRA on November 2, 2017. CSRA confirmed that the remittance advices had never been sent to Dr. Pisman, because he was not the "pay-to" on the remittance. CSRA was unable to state to whom the remittance advices had been provided because Dr. Pisman was not the provider to whom the remittances related, and therefore the information could not be provided, purportedly due to HIPAA restrictions.

40. As such, NYSDOH is attempting to collect purported overpayments which neither it nor the provider has any means of verifying, for which it did not send contemporaneous notice to Dr.

Pisman, and which according to its contractor CSRA, concern payments that were not sent to Dr. Pisman.

## COUNT I

### (Violation of Due Process)

41. Plaintiff repeats and realleges the foregoing allegations.

42. The NYSDOH's Accelerated Collection Campaign's attempt to collect purported overpayments from Medicaid providers without providing prior sufficient notice of an overpayment determination and an opportunity to be heard, and refusing to provide remittance advices and other supporting documentation to demonstrate such an overpayment, has caused or will cause direct pecuniary injury and a deprivation of property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

## COUNT II

### (Violation of 42 U.S.C. § 1983)

43. Plaintiff repeats and realleges the foregoing allegations.

44. Plaintiff and putative class members are persons within the jurisdiction of the United States as that term is defined in 42 U.S.C. § 1983.

45. The NYSDOH's implementation of the Accelerated Collection Campaign has subjected Plaintiff and the putative class members, or will cause them to be subjected to, the deprivation of substantial federal rights under color of State law.

46. By his actions, which Defendant knows or should know will cause a violation of such federally protected rights, Defendant will proximately cause the deprivation of substantial federal rights including, but not limited to, depriving Plaintiff and the putative class of due process and protection from the unconstitutional taking of property without just compensation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Dr. Pisman, individually and on behalf of the class, respectfully demands judgment against Defendant as follows:

A.  Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure, with Plaintiff serving as class representative;

B.  Declaring the NYSDOH's Accelerated Collection Campaign null and void;

C.  Enjoining Defendant from implementing the Accelerated Collection Campaign;

D.  Enjoining Defendant from retaining funds collected pursuant to the Accelerated Collection Campaign;

E.  Ordering Defendant to produce supporting documentation to substantiate its Accelerated Collection Campaign notice;

F.  Granting Plaintiff other relief as this Court may deem just and proper, together with the costs and disbursements of this proceeding and attorney fees pursuant to 42 U.S.C. § 1988.

Dated:  December 11, 2017            **GLANCY PRONGAY & MURRAY LLP**

By: _s/ Brian P. Murray_
Brian P. Murray (BM-9954)
230 Park Ave., Suite 530
New York, New York 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
bmurray@glancylaw.com

Jack I. Zwick (JZ-2514)
100 Church Street, Suite 850
New York, New York 10007
Telephone: (212) 385-1900
Facsimile: (212) 385-1911
jack@zwickfirm.com

**GLANCY PRONGAY & MURRAY LLP**
Joseph D. Cohen (*pending pro hac vice*)
Jonathan M. Rotter (*pending pro hac vice*)
Jennifer M. Leinbach (*pending pro hac vice*)
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Attorneys for Plaintiff*